EUGENIA STOWERS, Respondent, *v.* THOMAS GILBERT, Appellant.

*Injunction and damages for trespass — burden of establishing the division line between adjoining lots — the judgment in an equitable action, modified upon appeal.*

In an action brought to obtain an injunction restraining an alleged trespass and for damages, the trespass consisted in the cutting off of the edge of the projecting eaves of the plaintiff's house and in some slight interference with other portions of that structure, in the erection by the defendant of the wall of a new structure on his own lot adjoining that of the plaintiff.

*Held*, that the defendant was bound to establish with precision, by affirmative proof, the exact location of the division line between the two lots, or he could not justify his interference with the possession of the plaintiff.

A survey made by the officials of the city in which such premises were located, if made many years after the premises were laid out and their division line established, is not infallible authority, and is, alone, insufficient to overcome the evidence afforded by monuments theretofore existing.

The judgment rendered in an equitable action is subject to modification upon appeal.

APPEAL by the defendant, Thomas Gilbert, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 17th day of April, 1894, upon the report of a referee.

*F. A. Mann,* for the appellant.

*C. M. Allen,* for the respondent.

DWIGHT, P. J.:

The action was for an injunction to restrain an alleged trespass and for damages. The trespass described consisted in the cutting off the edge of projecting eaves of the plaintiff's house and some slight interference with other portions of that structure, in the erection by the defendant of the wall of a new structure on his own lot adjoining that of the plaintiff. The question involved was — as might be supposed — the exact location of the division line between the two lots. This the defendant was bound to establish, with precision, by his own affirmative proofs, or he could not justify his interference with the obvious and unquestioned possession of the plaintiff. This the referee finds he has failed to do, and we agree with him in respect to the effect, or rather non-effect, of the defendant's proofs. Those proofs, in effect, ignore the existing and ostensible landmarks which indicated the actual location of the line in question and seek to establish a new line in accordance with a certain survey made for the city of Rochester, to fix the lines of the two streets upon which the premises in question were bounded. But that survey was made many years after the premises in question were laid out and the line in question was established. Of course no infallible authority was to be ascribed to that survey although made by an official surveyor, and the monuments erected in accordance with it could, of themselves, have no effect to overcome the evidence afforded by monuments already existing. The burden was still upon the defendant to prove that the new monuments were, in

fact, correct, and the earlier ones not in accordance with the true and original location of the line. This was manifestly not accomplished by the evidence on the part of the defendant. Indeed, he made substantially no attempt to justify the location of the city monuments but relied upon them as the basis of his own survey to fix the location of the line in question. Such being the case, we agree with the referee that he failed in his defense.

But, upon the evidence relating to the extent of injury done to the plaintiff's premises, it seems to us that the award of damages was excessive. The amount of land embraced in the encroachment was inconsiderable, and for it the plaintiff still has her action of ejectment; and the value of her entire house was fixed by the evidence in her own behalf at $500, which was the sum awarded for the damage done to it, which we think would be fully covered by the award of one-fifth of that amount.

The action being an equitable one the judgment is subject to modification on appeal.

We are of opinion that it should be modified by reducing the amount of the recovery for damages to the sum of $100, and as so modified affirmed, without costs of this appeal to either party.

LEWIS and BRADLEY, JJ., concurred.

Judgment modified by a reduction of the recovery to $100, and as so modified affirmed, without costs.